IMG-226                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3421
_____

JAIME ORTIZ; NORMA CONSTANZA VILA;
JAIME ENRIQUE ORTIZ; RICARDO ORTIZ,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A095-228-602; A095-229-214; A095-229-215; A095-229-216)
Immigration Judge:  Honorable Robert P. Owens

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2010

Before:  RENDELL, FISHER AND GARTH, Circuit Judges.

(Filed: June 3, 2010 )
_____

OPINION
_____

PER CURIAM

Petitioners, husband and wife Jaime Ortiz and Norma Constanza Vila, along with their children Jaime Enrique and Ricardo Ortiz, petition for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal. For the reasons that follow, we will deny their petition.

Petitioners are natives and citizens of Colombia. They were admitted to the United States as non-immigrant visitors in mid-2001. On January 22, 2002, Ortiz filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), listing each of the other petitioners as derivative beneficiaries. While Mr. Ortiz is considered the lead petitioner, their claims for relief are premised upon circumstances related to his wife and her family. On May 2, 2002, and July 15, 2002, petitioners were served with Notices to Appear and charged with removability.

Only Ms. Vila testified in support of petitioners' claims. The IJ found her testimony to be "extremely credible," and concluded that it was "sufficiently detailed so as to denote a high likelihood of reliability." (App. 10.) Nonetheless, the IJ concluded that petitioners had not carried their burden of proving that they were persecuted on account of a protected ground in the past or were likely to be persecuted or tortured in the future. Accordingly, the IJ denied all requested forms of relief. The BIA affirmed this determination and dismissed the appeal. Petitioners timely filed a petition for review.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. Where the BIA agrees with the IJ's factual findings and supplements its reasoning, we review

2

both decisions.  See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).  Factual findings are reviewed for "substantial evidence," such that they must be upheld unless the evidence not only supports a contrary conclusion, but compels it.  See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).  We review legal determinations de novo. See Kaplun v. Attorney Gen., 602 F.3d 260, 2010 WL 1409019, at 265 (3d Cir. 2010).

Petitioners argue that they demonstrated both past persecution and a well-founded fear of future persecution based on imputed political opinion.  Vila testified that she, her father and her cousins have always been members of the Liberal Party.  She testified that she has raised money for, campaigned and worked for Liberal Party candidates, and that her father organized parties to raise funds for and help obtain votes for them as well.  She testified that her father was kidnapped and held for twelve days by the Revolutionary Armed Forces of Colombia ("FARC"), and that he was chained and physically and emotionally tortured during that time.  She maintained that in exchange for his release, he agreed to provide FARC with medicine and money.  Several years after his release, she received two telephone calls from FARC accusing her and her husband of being members of and supporting a paramilitary group, informing her that her father had not been following through on his agreement with FARC, and threatening to kill her if she did not meet them with a large quantity of medicine procured from her father.  She testified that her cousin and uncle were assassinated by FARC, and that her father and brother, who remain in Colombia, continue to receive threats from them.

3

While petitioners argue that their family was targeted because of their imputed political opinion, the IJ concluded that they failed to introduce sufficient evidence of this to satisfy their burden of proof. We agree. Petitioners have credibly demonstrated that they and their extended family have been targeted by FARC. However, other than the reference in the phone call between Vila and FARC to her alleged support of a paramilitary group, petitioners have not introduced any evidence which would compel the view that their family was targeted for any reason other than for financial and medical support. To be granted asylum as a refugee, an applicant must establish that she is unable or unwilling to return to her homeland "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be eligible for withholding of removal, an applicant must prove that her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). For relief under the CAT, an applicant must prove that it is more likely than not that she would be tortured if removed to her country of origin. See 8 C.F.R. § 1208.16(c)(2). For the purposes of the CAT, torture is defined as the intentional infliction of severe pain or suffering by or with the consent or acquiescence of a public official or someone acting in an official capacity. See 8 C.F.R. § 1208.18(a)(1); see also Rranci v. Attorney Gen., 540 F.3d 165, 176 (3d Cir. 2008).

4

Petitioners focus on the fact that political opinion may be imputed to them. We have difficulty applying this argument to petitioners' situation because they admit that they were active members of the Liberal Party, but fail to offer any evidence that they were targeted by FARC because of this affiliation. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (petitioner must offer some proof that he is being targeted *because of* his political opinion and not for some other, unprotected reason). In fact, as the IJ observed, Ms. Vila testified that she did not know why her father was kidnapped or why her cousin and uncle were executed. While the IJ acknowledged that Vila's family's political activities could have motivated FARC to target them, she offered no proof that they did. Accordingly, the IJ held that petitioners failed to demonstrate an entitlement to asylum or withholding of removal and the BIA agreed.[1]

As we cannot conclude that the evidence compels a conclusion contrary to that reached by the IJ, we will deny the petition for review.

---

[1]The IJ also held that petitioners did not provide any testimony as to whether they would be subject to torture upon removal to Colombia. As petitioners do not address this finding in their appeal brief, we do not discuss it any further.